■ DOLORES DAVILA, as Administratrix of the Estate of ANNA NAVAREZ, Deceased, Respondent, v. JOHN J. BOWER et al., Doing Business under the Name of BOWER & O'CONNOR, et al., Appellants.— Order, entered on November 8, 1963, unanimously affirmed, on the law and the facts, with $20 costs and disbursements to plaintiff-respondent. In effect, defendants appeal from so much of the order as directed that upon completion of the required pretrial procedures the case should be restored to the General Jury Calendar of the Supreme Court, Bronx County, and not transferred to the appropriate Tort Calendar, as sought by defendants. The complaint alleges malpractice by defendants — attorneys in the handling of certain litigation. Defendants, claiming the action lies in tort, have interposed the three-year Statute of Limitations as a separate defense. In denying the major relief sought by defendants Special Term held that the action is based upon an alleged breach of contract of professional employment. In affirming we need not and therefore do not adopt this holding. This motion was brought after September 1, 1963, when the present Rules of the Supreme Court for New York and Bronx Counties went into effect. Rule V of Part 1 (subds. 1, 2) provides for General Calendars and Personal Injury Calendars. The latter calendars comprise personal injury and death actions arising out of negligence, malpractice or assault. Whether sounding in tort or contract, the instant action is not one for personal injury or death, and therefore properly belongs where assigned by Special Term — on the General Jury Calendar. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.